UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FELIPE POLANCO DIAZ, | Case No. CV 18-01982-FMO-JDE |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| LT. W. REAUME, et al., | |
| Defendants. | |

**I.**

**INTRODUCTION**

On March 9, 2018, Plaintiff Filipe Polanco Diaz ("Plaintiff"), currently incarcerated at the California State Prison - Sacramento, proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983" or "§ 1983") arising out of an alleged assault that took place at California State Prison – Los Angeles County, located in Lancaster, California ("the Prison"). Dkt. 1 ("Complaint"). The Complaint names the following persons as defendants, each named in his or her individual and official capacities, and each alleged to have been working at Prison at the time of the incident: Lt. W. Reaume, Sgt. B. Gonzales, "C.O." (presumably referring to "Correctional Officer," hereinafter "CO") Ademoye, CO E. England, CO J. Flores Gomez,

CO R. Gomez, CO D. Henry, CO C. Spencer, CO E. Torres, and "primary person" CO D. Moisa. Complaint, 1, 3-5 (CM/ECF pagination).

Following a screening in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, except with respect to the claim for against CO D. Moisa in his individual capacity only, as set forth further below, the Court finds the Complaint is subject to dismissal.

## II.
## SUMMARY OF PLAINTIFF'S ALLEGATIONS

The Complaint alleges claims based upon the Eighth Amendment's prohibition against cruel and unusual punishment and "failure to protect." Complaint at 6. Plaintiff alleges that CO D. Moisa "maliciously and sadistically attempted against my human life by kicking me on the head harmfully and brutally causing unnecessary and want infliction of pain and life – [threatening] internal injuries upon my brain. Id.

With respect to all other defendants, defendant alleges: "Each of the sued defendants fail[ed] to do their duties as officers. The Lieutenant know of the brutality and fail[ed] to correct[], Sgt Gonzales also know of C.O. Moisa['s] brutal history. And the other C.O.s part take [sic] with MOISA statement that I was the attacker. (This is a lie)." Complaint at 6. Plaintiff alleges that witness told CO Moisa to "stop" yet CO Moisa continued brutally kicking Plaintiff's head until Plaintiff passed out in a pool of blood. Id. Plaintiff alleges he had difficulty exhausting his administrative remedies (id. at 7) and seeks $500,000 in damages, of which he would donate half to the family of the victim of his crime (id. at 8).

## III.
## STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient

facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim, its factual allegations must be taken as true and construed in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Courts construe the allegations of pro se complaints liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quotation omitted).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Failure to comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") constitutes an independent basis to dismiss a complaint even if the claims are not wholly without merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). While Rule 8 does not require detailed factual allegations, a complaint must allege enough facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that

claim] rests." Twombly, 550 U.S. at 555 & n.3 (citation and quotation marks omitted); see also Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing Twombly). "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." McHenry, 84 F.3d at 1179-80.

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

**IV.**

**DISCUSSION**

A.  Applicable Substantive Law

In order to state a claim for a civil rights violation under Section 1983, a plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the U.S. Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48 (1988). "[A] public official is liable under § 1983 only if he causes the plaintiff to be subjected to a deprivation of

4

his constitutional rights." Baker v. McCollan, 443 U.S. 137, 142 (1979). "[T]he plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury." Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation.'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)) (emphasis in original).

"A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer, 844 F.2d at 633.

The Eighth Amendment prohibits the use of excessive physical force against inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The "core judicial inquiry" for an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (citations omitted). "Not every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 37-38 (quoting Hudson v. McMillan, 503 U.S. 1, 9 (1992) (quotation marks omitted)). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7.

5

With respect to "official capacity" claims, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. States, state agencies, and state officials sued in their official capacities are not persons subject to civil rights claims for damages under Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64–66 (1989); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that the Eleventh Amendment does not bar suits against state officials sued in their individual capacities nor for prospective injunctive relief against state officials sued in their official capacities). The California Department of Corrections and Rehabilitation, operator of the Prison, is an agency of the State of California and, therefore, entitled to Eleventh Amendment immunity. See Brown v. Cal. Dep't of Corrections, 554 F.3d 747, 752 (9th Cir. 2009).

B. Analysis

First, for the reasons set forth above, Plaintiff's "official capacity" claims for damages against the defendants, all allegedly employees of a California State Prison, are barred by the Eleventh Amendment and are therefore subject to dismissal under both 28 U.S.C. § 1915(e)(2)(B)(iii) and 28 U.S.C. § 1915A(b)(2).

Second, the Complaint, construed liberally in Plaintiff's favor, states sufficient facts to pass the threshold for screening under 28 U.S.C. §§ 1915(e)(e) and 1915A with respect to the claim for an Eighth Amendment violation against Defendant CO D. Moisa in his individual capacity.

Third, with respect to all of the other defendants, Plaintiff has not alleged sufficient facts to causally tie any act or failure to act by any of those

defendants to any alleged constitutional harm. Plaintiff's assertion of an alleged global failure "to do their duties as officers" is a legal conclusion and an insufficient basis upon which to state a claim even reading the Complaint liberally. The general allegation of "failure to protect" is not supported by any factual allegations tied to the defendants' respective duties and/or actions. The allegations that a defendant knew of "the brutality and failed to correct[]" it, or knew of Defendant CO D. Moisa's alleged "brutal history," accepted as true for purposes of this Order, do not allege any causal link between such alleged knowledge and the alleged constitutional harm as to each purported defendant, other than Defendant CO D. Moisa. See Leer, 844 F.2d at 633; Barren, 152 F.3d at 1194.

## V.
## CONCLUSION

Based upon the deficiencies identified above, the Complaint is subject to dismissal as to all claims against all defendants except for the individual capacity claim alleged against Defendant CO D. Moisa. Accordingly, the Court provides Plaintiff the following options:

1. If Plaintiff desires to proceed only with his claim against CO D. Moisa in his individual capacity based on the Eighth Amendment, Plaintiff need only file an election, in writing, **within 30 days of the date of this Order**, which states that he elects to proceed only on his claim against CO D. Moisa in his individual capacity. Upon timely receipt of Plaintiff's written notice of election, the Court will direct the Clerk to issue a summons as to Defendants CO D. Moisa in his individual capacity, and will commence the process of directing service upon Defendant CO D. Moisa by the United State Marshal, with Plaintiff's assistance;

OR

7

2. If Plaintiff wishes to assert claims other than those set forth in paragraph 1 immediately above, Plaintiff must, **within 30 (thirty) days of the date of this Order**, file a First Amended Complaint ("FAC"), remedying the deficiencies discussed above. Specifically, among other things, the FAC must clearly describe what each defendant did or failed to do, including, where relevant, the basis for any claim that any defendant had a duty or obligation to take any affirmative action, and how such action or inaction caused any damage or injury to Plaintiff. The Court will again screen the FAC after it is filed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Any such FAC should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. Plaintiff is not authorized by this Order to add new parties or claims in such FAC. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to use.

**Plaintiff is admonished that, if he fails to timely file either: (1) a Notice of Election consistent with paragraph 1, above, or (2) a First Amended Complaint consistent with directives in paragraph 2, above, within 30 days of the date of this Order, the Court will recommend that this action be dismissed for failure to diligently prosecute.**

Dated: March 30, 2018

_____
JOHN D. EARLY
United States Magistrate Judge